UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00222-FDW-DSC

LASHUNDA R. KORNEGAY, individually )
and on behalf of all others similarly situated, )
)
     Plaintiff, )
)
vs. )    ORDER
)
H & R ACCOUNTS, INC., )
)
     Defendant. )
)

THIS MATTER is before the Court upon Defendant H & R Accounts, Inc.'s ("H & R") Motion to Dismiss Plaintiff's Complaint (Doc. No. 8). Plaintiff amended her complaint (Doc. No. 10), and H & R has filed a separate Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 13). The motions to dismiss are ripe for review.

"As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quotation omitted); see also Brown v. Phillips, 2018 WL 576307, at *2 (W.D.N.C. Jan. 26, 2018). Because H & R filed its original Motion to Dismiss (Doc. No. 8) prior to the filing of the amended complaint, it must be DENIED AS MOOT.

In its remaining motion, H & R moves that the Court dismiss Plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed the pleadings and arguments in the briefs. In light of precedent from the Fourth Circuit in Ben-Davies v. Blibaum & Associates, P.A., 695 F. App'x 674 (4th Cir. 2017), and Moore v. Blibaum & Associates, P.A., 693 F. App'x 205 (4th Cir. 2017), the Court finds Plaintiff has

1

standing to prosecute this case. Ben-Davies, 695 F. App'x at 676-77 ("This was not a case where the plaintiff simply alleged 'a bare procedural violation [of the FDCPA], divorced from any concrete harm.' Spokeo, Inc. [v. Robbins, ___ U.S. ___, 136 S.Ct. 1540, 1549 (2016)]. . . . [A]s a 'direct consequence' of [Defendant's] alleged violations of the FDCPA's proscribed practices, she 'suffered and continues to suffer' actually existing intangible harms that affect her personally: 'emotional distress, anger, and frustration.'") (alteration in original in part and added in part); see also Moore, 693 F. App'x at 206 (holding allegations of emotional distress, anger and frustration are sufficient injury to bring a claim based on alleged violations of the FDCPA). Here, Plaintiff has likewise alleged "emotional distress, anger and frustration." (Doc. No. 10, ¶¶ 49, 66, 79, 103, 160, 210). Thus, to the extent Defendant's motion to dismiss is based on lack of Article III standing, the motion is DENIED WITH PREJUDICE.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56). With these standards in mind, the Court finds that Plaintiff has alleged sufficient factual content to allow an inference that the Defendant is liable for Plaintiff's injury. Thus, Defendant's Motion as it pertains to Rule 12(b)(6) is DENIED without prejudice. Defendant is free to raise the issues set forth in the Motion again at summary judgment.

IT IS THEREFORE ORDERED that Defendant's original Motion to Dismiss (Doc. No. 8) is DENIED AS MOOT and Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 13) is DENIED WITH PREJUDICE in part and DENIED WITHOUT PREJUDICE in part.

IT IS SO ORDERED.

Signed: October 4, 2019

_____
Frank D. Whitney
Chief United States District Judge